IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JEREMY BOOKER, )
 )
        Petitioner, )
 )
v. ) Case No. CIV 10-150-RAW-KEW
 )
BRUCE HOWARD, Warden, )
 )
        Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in Carter County District Court Case No. CF-2008-109 for Unlawful Distribution of a Controlled Dangerous Substance (Counts 1 and 2) and Trafficking in Illegal Drugs (Count 3). He sets forth the following grounds for relief:

    I.    The State was precluded from prosecuting petitioner on all three counts of the felony information, and the trial court was precluded from convicting him on all three counts.

    II.    Evidence to be presented at trial from a tribal policeman was not admissible.

    III.    Counsel provided ineffective assistance in advising petitioner to plead guilty.

    IV.    Petitioner is serving a sentence that exceeds the agreed sentence in his plea.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

    A.    Petitioner's application for post-conviction relief and brief in support.

    B.    The State's motion for summary disposition of petitioner's application for post-conviction relief.

    C.    Findings of Fact and Conclusions of Law denying petitioner's post-conviction application. *State v. Booker*, No. CF-2008- 109, slip op.

(Carter County Dist. Ct. Aug. 4, 2009).

D. Petition in error to the Oklahoma Court of Criminal Appeals in Case No. PC-2009-772.

E. Order Affirming Denial of Post Conviction Relief. *Booker v. State*, No. PC-2009-772 (Okla. Crim. App. Feb. 16, 2010).

F. Transcript of petitioner's guilty plea and sentencing.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Ground I: Multiple Counts**

Petitioner alleges that Okla. Stat. tit. 22, § 404 (2001), prohibited his prosecution and conviction of more than one Count from a single Information. The Carter County District Court found in its order denying post-conviction relief that petitioner had not correctly stated the law, and even if he had, he had waived any objection by entering a guilty plea. *State v. Booker*, No. CF-2008-109, slip op. (Carter County Dist. Ct. Aug. 4, 2009). The Oklahoma Court of Criminal Appeals (OCCA) denied relief on appeal, finding nothing in the record supported petitioner's claim that he "was improperly charged with the multiple offenses." *Booker v. State*, No. PC-2009-772, slip op. at 2 (Okla. Crim. App. Feb. 16, 2010).[1] Furthermore, "[a] claim which could have been raised on direct appeal, but was not, is

---

[1] The Tenth Circuit has held that the passage of Okla. Stat. tit. 22, § 436, repealed Okla. Stat. tit. 22, § 404, and permitted the "joinder of separately punishable offenses . . . if the separate offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transaction. *El Mansouri v. Jones*, No. 07-6029, 2007 WL 1502281, at *2 (10th Cir. May 24, 2007), *cert. denied*, 552 U.S. 2007) (quoting *Glass v. State*, 701 P.2d 765, 768 (Okla. Crim. App. 1985)).

2

waived. *Id.* (citations omitted).

The respondent argues this claim plainly is an issue of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). This court is "bound to accept the Oklahoma court's construction of its state statutes . . . ." *Dennis v. Poppel*, 222 F.3d 1245, 1257 (citations omitted) (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief for this claim.

## Ground II: Potential Testimony

Petitioner next alleges that the evidence from a tribal policeman that was to be presented at trial was inadmissible. He asserted in his post-conviction application that Lighthorse Police Officer Pat Flickinger's actions outside of his jurisdiction were fatal to the evidence and to the case. (Docket No. 18-2 at 5). In his brief in support of his post-conviction application, he specifically complained that Officer Flickinger, who apparently was the chemist who tested the drugs sold to petitioner, lacked legal authority to possess and analyze the alleged drugs in his case, because there were no allegations that petitioner distributed or trafficked drugs on any property with Indian interests. (Docket No. 18-3 at 7-10).

In petitioner's post-conviction action, the Carter County District Court found that "[t]he mere fact that a representative of the tribal police is listed as a potential witness against the defendant does not compromise his constitutional rights." *Booker*, No. CF-2008, slip op. (Aug. 4, 2009). On appeal the OCCA affirmed, finding petitioner had "failed to show entitlement to relief in a post-conviction proceeding." *Booker*, No. PC-2009-772, slip op. at 3.

The respondent alleges this is another state-law claim that is not cognizable in federal

3

habeas review. The respondent further asserts that because the evidence at issue never was admitted into evidence, it could not have deprived petitioner of a fundamentally fair trial. Furthermore, petitioner waived all nonjurisdictional errors when he pleaded guilty, including any evidentiary errors.

Again, the court finds this claim is an issue of state law. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "Federal habeas review is not available to correct state law evidentiary errors . . . ." *Ochoa v. Workman*, 669 F.3d 1130, 1144 (10th Cir.), *cert. denied*, ___ U.S. ___, 133 S.Ct. 321 (2012) (quoting *Smallwood v. Gibson,* 191 F.3d 1257, 1275 (10th Cir. 1999)). The non-admission of the allegedly improper evidence could not have resulted in a fundamentally unfair trial. The court further finds the decision by the OCCA was not contrary to or an unreasonable application of clearly established federal law, and the OCCA's determination was not based on an unreasonable determination of the facts presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

**Ground III: Ineffective Assistance of Counsel**

Petitioner next alleges his attorney was ineffective in advising him to plead guilty. The Carter County District Court found petitioner "expressly testified that he was satisfied with his legal representation," and he "knowingly and intelligently entered a plea of guilty to the charges." *Booker*, No. CF-2008-109. The OCCA affirmed, finding it was "unable to find that Booker's pleas were not knowing and voluntarily entered . . . ," and his claim was procedurally barred. *Booker*, No. PC-2000-772, slip op. at 2-3.

The Tenth Circuit has held that the OCCA's procedural rules regarding guilty pleas are inadequate for denying review of a petitioner's procedurally defaulted ineffective assistance of counsel claim, because "the short time frame in which [a] petitioner [has] to perfect a *certiorari* appeal under Oklahoma law [does] not give him sufficient opportunity to discover and develop his . . . claim. *Hickman v. Spears*, 160 F.3d 1269, 1272 (10th Cir. 1998). Therefore, the claim must be addressed on the merits "despite petitioner's state procedural default." *Id.*

4

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.'" *Id.* at 56-57 (quoting *Tollett v. Henderson*, 411 U.S. 258 (1973)).

> ... [T]he two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett* and *McMann*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59.

In this case, petitioner does not explain why he believes his counsel was ineffective

5

in advising him to plead guilty. Given his claims in Grounds I and II, however, the court assumes he is contending his attorney should not have advised him to enter a plea without telling him that § 404 barred his conviction on more than one count and that the police chemist's evidence was inadmissable. *See Haines v. Kerner*, 404 U.S. 519 (1972) (holding that pro se pleadings are construed liberally).

The Tenth Circuit has held in an unpublished opinion that when a petitioner claims ineffective assistance for failure to advise him of some legal argument that would have kept him from pleading guilty, the ineffective assistance claim will fail if the underlying claim on which petitioner rests his ineffective assistance claim is meritless. *United States v. Tyner*, 342 Fed. Appx. 415, 416-18, 2009 WL 2573767, at *2-*3 (10th Cir. Aug. 21, 2009) (unpublished). *See also Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990) (holding that failure to present a meritless argument does not constitute ineffective assistance of counsel). As discussed above in Grounds I and II, petitioner's claims regarding his prosecution on all three counts and the testimony by the tribal policeman that was not presented both were meritless. Therefore, his counsel was not ineffective in advising petitioner to enter his plea.

## Ground IV: Excessive Sentence

In his final ground for relief, petitioner alleges he was improperly sentenced, and he consequently is serving a longer sentence than the one agreed to in his plea agreement. The respondent alleges this claim is unexhausted, because it has not been presented to the OCCA. Any attempt to exhaust the claim would be futile, as the OCCA would apply a procedural bar, pursuant to Okla. Stat. tit. 22, § 1086 (2001), which prohibits bringing a new claim on a successive post-conviction application that could have been presented in an initial application for post-conviction relief. *See Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) (holding that exhaustion of state remedies is not required where it would be futile to require exhaustion). Therefore, Ground IV of this petition is subject to an anticipatory procedural bar. *See Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim

6

that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.").

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court explicitly set forth the required analysis for a petitioner's procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

"[C]ause" under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him. *Id.* 501 U.S. at 753. With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage," infecting the entire proceedings with "error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court finds the OCCA clearly based its order affirming the denial of petitioner's request for post-conviction relief on state procedural rules, and he has not met the requirements of showing cause and prejudice.

The court further finds petitioner has presented no explanation for the "cause" of his procedural default, and he has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has not alleged his actual innocence. Therefore, this

7

ground for relief is procedurally barred.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 16th day of August 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE